*Chen v. Lynch*

BIA
Poczter, IJ
A098 594 095

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand fifteen.

PRESENT:

>     JOHN M. WALKER, JR.,
>     BARRINGTON D. PARKER,
>     RICHARD C. WESLEY,
>           *Circuit Judges.*

_____

BING JUN CHEN,
*Petitioner,*

v.                                                      14-2416
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Joshua Bardavid, New York,
                        New York.

FOR RESPONDENT:         Benjamin C. Mizer, Acting
                        Assistant Attorney General; Claire

L. Workman, Senior Litigation Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bing Jun Chen, a native and citizen of the People's Republic of China, seeks review of a June 9, 2014, decision of the BIA affirming a December 14, 2012, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bing Jun Chen*, No. A098 594 095 (B.I.A. June 9, 2014), *aff'g* No. A098 594 095 (Immig. Ct. N.Y. City Dec. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, the IJ's adverse credibility determination is based on substantial evidence.

The IJ reasonably relied on Chen's border interview in finding him not credible. This Court requires the agency to "closely examine each . . . interview before concluding that it represents a sufficiently accurate record of the alien's statements . . . in determining whether the alien is credible." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004). Here, the record of Chen's interview merely

summarizes his statements and does not provide a list of the questions asked during the interview. However, an interpreter was provided, and there is no indication from the record of the interview that Chen had difficulties understanding the interpreter. While the interview does not indicate whether Chen was asked if he had any reason to fear returning to China, he was asked why he entered the United States. At this point, Chen stated that he came to seek employment, not to seek refuge from persecution. Chen testified that he was nervous during the interview, but an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination. *Ming Zhang v. Holder*, 585 F.3d 715, 725-26 (2d Cir. 2009). Under these circumstances, the IJ reasonably relied on the border interview.

Moreover, Chen's statement that he came to seek work is wholly inconsistent with his claim for asylum, in which he insists that he came to the United States to flee persecution. The IJ reasonably found that this

4

inconsistency casts doubt on the entirety of Chen's claim and raises the question of whether the claim is fabricated. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam). This inconsistency, therefore, is itself sufficient to justify the IJ's adverse credibility finding. *Id.* The IJ also relied on more minor inconsistencies between Chen and his wife's testimony, which are also supported by the record. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Chen argues that the IJ erred in failing to consider whether his testimony was rehabilitated by the fine receipt and medical records he submitted to corroborate his detention, beating, and fine in China. This Court presumes that "an IJ has taken into account all the evidence before [her], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). Even assuming the IJ erred in failing to explicitly consider the fine receipt and medical evidence, remand would be futile in light of the serious inconsistencies supporting the IJ's adverse credibility determination, inconsistencies that call into question the

5

veracity of Chen's entire claim. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). In any event, the IJ explicitly stated that she considered Chen's evidence.

Accordingly, the IJ's adverse credibility determination is based on substantial evidence. This adverse credibility finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three of Chen's claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk